## Atlantic Refining Company v. Seiple.

*Appeal from magistrate — Set-off — Affidavit raising question of law — Practice Act of May 14, 1915, P. L. 483.*

On appeal from the decision of an alderman, a defendant cannot raise by affidavit as a question of law the fact that the defendant had brought, two days before the present suit and before the same alderman, a suit against the same plaintiff against which the present suit should be set off. Such objection is entirely outside of the present record.

Affidavit of defence raising question of law. C. P. Lancaster Co., May T., 1926, No. 17.

The affidavit set forth the question of law raised as follows:

"The defendant entered suit for a certain claim against the said plaintiff on April 12, 1926, before John F. Burkhart, alderman, for the sum of $192.10 two days before the plaintiff entered the above entitled suit against him, the defendant herein, and in said suit before said alderman recovered judgment against the said plaintiff, the Atlantic Refining Company, for $171.52 at the hearing thereof on April 20, 1926, the said Atlantic Refining Company having been personally served and having appeared at said hearing by J. Andrew Frantz, Esq., for it; and under the law the said plaintiff in the above entitled

Atlantic Refining Company *v.* Seiple.

suit may not maintain its suit against the defendant, said above entitled suit having been entered in this court two days after the entry of defendant's suit before said alderman; but said above named plaintiff is required by law to bring his claim in against the said D. S. Seiple by way of counter-claim, set-off or defalcation as required by law and is barred from bringing or maintaining said above entitled suit.

"Wherefore, the defendant prays that on the law, judgment shall be entered for the defendant herein; a transcript of the said alderman's suit and judgment are hereto attached and made part hereof."

*H. Frank Eshleman,* for rule; *J. Andrew Frantz,* contra.

LANDIS, P. J., June 26, 1926.—The statement in this case avers that the plaintiff, at the special instance and verbal request of the defendant, delivered to the said defendant certain kinds of gasoline, oil and other petroleum products at the times, in the amounts, of the kinds and for the prices set forth in a copy of the plaintiff's account attached and marked Exhibit "A;" that the prices charged were just and reasonable and such as are customarily and usually paid for such goods and were the fair market value of the goods sold and delivered; and that the amount due was $269.05, on which there are credits to the amount of $70. Exhibit "A" sets forth by day and date the merchandise sold, with the quantity and price. A sufficient cause of action is set forth, and the court, under such circumstances, has no power to enter a judgment for defendant under an affidavit raising a question of law.

The objection raised by the defendant is entirely outside of the present record. It may be a defence to the plaintiff's action, but it certainly cannot be interposed at this time.

The affidavit of defence raising a question of law is, therefore, decided in favor of the plaintiff, and the defendant is given fifteen days to file an affidavit of defence to the merits of the action.

From George Ross Eshleman, Lancaster, Pa.